UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| JOSHUA L. WILLCUTT, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) Case No. 12-cv-2603 KHV/JPO |
| NPC INTERNATIONAL, | ) ) ) |
| Defendant. | ) |

**AGREED PROTECTIVE ORDER**

The parties to the above-captioned matter, Joshua L. Willcutt ("Plaintiff") and NPC International Inc., ("Defendant"), by and through their attorneys, jointly move this Honorable Court to enter a protective order to protect the discovery and dissemination of confidential or proprietary information which will improperly annoy, embarrass or oppress any party, witness or person providing discovery in this case.

The Plaintiff brings claims against defendant NPC alleging that its actions were in violation of the FLSA. More specifically, he claims that Defendant failed to compensate him and other similarly situated individuals for time spent on work activities. Defendant denies any liability for the claim Plaintiff has made in this matter.

In his initial discovery, Plaintiff intends to request documents, some of which Defendant considers to be of a confidential nature, having to do with information that implicates the privacy interests of current or former employees, or non-public shareholder or financial information about Defendant. Thus, Defendant wishes to take measures to protect this information from public disclosure and Plaintiff agrees that the information is worthy of protection. Additionally, due to the nature of Plaintiff's claims, the parties anticipate that medical, employment,

educational, financial, and other information of a personal nature related to Plaintiff may be exchanged and is worthy of protection.

In support of their motion, the parties state as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoenas in this litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "For Attorney Eyes Only" under this Protective Order.

2. "Confidential Information" shall include any Discovery Materials which the producing party or non-party reasonably believes to be confidential including, but not limited to, individual personnel files of current and former employees of Defendant; and medical, employment, educational, and financial information of Plaintiff. These documents may be marked as "CONFIDENTIAL" pursuant to the terms of this Order.

3. For purposes of this requested Order, the parties agree that "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. The parties agree that information designated "CONFIDENTIAL" shall be information that implicates the privacy interests of current or former employees, or non-public shareholder or financial information about the Company.

5. The parties agree that CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it, the consent of the individual whose personnel file is at issue, or further Order of the

Court, be disclosed *except that* such information may be disclosed to:

      (a)    attorneys actively working on this case;

      (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c)    the parties;

      (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e)    the Court and its employees ("Court Personnel");

      (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses to the extent such disclosure is necessary to the witness' deposition or trial testimony and preparation therefore; and

      (h)    other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, the parties, Court Personnel and stenographic reporters), the parties agree that counsel shall provide such person with a copy of the Protective Order and obtain from such person a written acknowledgment stating that he or he has read the Protective Order and agrees to be bound by its provisions.

7.    The parties agree that documents will be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. The parties agree that whenever an exhibit to a deposition involves the disclosure of CONFIDENTIAL information, the deposition exhibit or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of the Protective Order. The parties further agree that such designation shall be made on the record during the deposition.

9. All parties agree that a party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information, and that the written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of the Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of the Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with the Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The parties agree that if a party desires to file a document under seal, that party will be required to file a separate motion and obtain a separate Order of the Court allowing such filing under seal.

11. At the conclusion of this case, unless other arrangements are agreed upon, the parties agree that each document and all copies thereof which have been designated as

CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, at the expense of the party originally providing the document, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction, subject only to retention by counsel of such documents as are necessarily preserved for counsel's permanent records.

12. The parties understand that the Court may modify such Protective Order at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED.

Dated on this 20th day of February, 2013.

                                                                                        s/ James P. OHara  
                                                                                       Honorable James P. O'Hara  
                                                                                       U.S. Magistrate Judge

| Respectfully Submitted: | Respectfully Submitted: |
|---|---|
| _____<br>Kevin J. Dolley, USDC #54132 *(admitted Pro Hac Vice)*<br>LAW OFFICES OF KEVIN J. DOLLEY, LLC<br>34 N. Brentwood Blvd., Suite 207<br>St. Louis, MO 63105<br>(314)645-4100 (office)<br>(314)647-4300 (fax)<br><br>Mark A. Koupal Jr., USDC #63945MO (*admitted Pro Hac Vice*)<br>LAW OFFICES OF MARK A. KOUPAL JR., LLC<br>34 N. Brentwood Blvd., Suite 207<br>St. Louis, MO 63105<br>(314)645-4100 (office)<br>(314)647-4300 (fax)<br>mark@koupaljrlaw.com<br><br>Attorneys for Plaintiff<br><br>Matthew E. Osman    KS # 23563<br>OSMAN & SMAY LLP<br>7930 Santa Fe Dr., Suite 100<br>Overland Park, KS 66204<br>mosman@workerwagerights.com<br>Tel: (913) 667-9243<br>Fax: (866) 470-9243<br>Local Counsel for Plaintiff | _____<br><br>_____<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>Thomas L. Henderson, TN BPR #11526 (admitted Pro Hac Vice)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>6410 Poplar Avenue, Suite 300<br>Memphis, TN 38119<br>901-767-6160<br>901-767-7411 (Facsimile)<br>Thomas.Henderson@ogletreedeakins.com<br><br>Patrick F. Hulla, #16230<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>4520 Main Street, Suite 400<br>Kansas City, MO  64111<br>816-471-1301<br>816-471-1303 (Facsimile)<br>patrick.hulla@ogletreedeakins.com<br><br>ATTORNEYS FOR DEFENDANT<br>Attorneys for Defendant |